IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS, ) | |
| ) | Case No. 11-cv-01303 |
| Plaintiff, ) | (RMC-TBG-BAH) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| and ERIC H. HOLDER, JR. in his ) | |
| official capacity asAttorney General ) | |
| of the United States, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO INTERVENTION**

The State of Texas respectfully responds to the Motions to Intervene filed by a host of proposed interveners to the instant proceeding. They include:

Mexican American Legislative Caucus;

Texas Legislative Black Caucus;

Texas Latino Redistricting Task Force; and

Greg Gonzalez, Lisa Aguilar, Daniel Lucio, Victor Garza, Blanca Garcia, Josephine Martinez, Katrina Torres and Nina Jo Baker.

Each proposed intervention purports to bring a new and unique perspective to this litigation, which, in the words of the Black Caucus, "the [U.S.] Attorney General necessarily cannot match [with respect to] the knowledge of local circumstances held by minority voters and leaders at the local level." Memo. at 5.

As the State noted in opposition to the initial intervention motion in this proceeding, intervention is never appropriate in a Section 5 proceeding

pursuant to Fed. R. Civ. P. 24(a). It is, however, authorized, but by no means appropriate, under Rule 24(b). *Georgia v. Ashcroft*, 539 U.S. 461 (2003). Rule 24(b) requires a showing of a claim or defense consistent with that of the United States. Here, that is an impossible task, considering that (1) no cause of action obtains against the State of Texas under Section 5 preclearance (save an action to require the State to seek preclearance as it has done here);[1] and (2) no cause of action can be asserted *against* any of the proposed intervenors pursuant to that statute. In a case ideally for suited for *amici*, the presence or absence of intervenors has no bearing on the relief sought or granted.

Moreover, given that the United States has not yet filed its answer to the Complaint, neither the Court nor any party is in a position to discern the extent to which any intervenor's interests are adequately represented by the United States. Thus, even if intervention were appropriate, there can be no legitimate role for intervenors until the United States files its Answer.

Instead, proliferation of intervening parties in an already time-constrained case filing will only hamper the adjudicatory process--and threaten to unnecessarily delay implementation of the State's new redistricting plans beyond the candidate filing period that begins in November. Indeed, counsel for Intervenor Davis has even acknowledged the detrimental impact of interventions, presciently noting that a Section 5 action "could see groups opposed to the redistricting plans intervene in the suit and delay the process

---

[1] *Allen v. Board of Elections*, 393 U.S. 544 (1969).

even further." J. Gerald Hebert, "Something to Watch in Louisiana," National Journal Redistricting Blog (May 5, 2011).[2]  Given the expeditious treatment already requested in this proceeding, further delaying the process will inure to no one's benefit.

Because the Court has already granted permissive intervention to one Intervenor, the State will stand on its earlier objections to the Davis intervention, adding only that these interventions add timeliness as an additional basis for denial, and reserve renewed or further arguments of substance for motion practice pursuant to Rules 12 and 56 should intervention be granted.  In an arena already fraught with "difficult constitutional question[s],"*Northwest Austin Municipal Utility Dist. v. Holder*, 129 S. Ct. 2504, 2517 (2009), the adding of Eleventh Amendment concerns is a change in scale of the proceeding, but not of scope.

WHEREFORE, the State of Texas respectfully prays that the Court deny the Motion to Intervene of each of the Proposed Intervenors.


Dated:      August 26, 2011

                                            Respectfully Submitted,

                                            GREG ABBOTT
                                            Attorney General of Texas

                                            DANIEL T. HODGE
                                            First Assistant Attorney General

---

[2] http://redistricting.nationaljournal.com/2011/05/louisiana-as-a-trial-balloon.php (accessed August 25, 2011).

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

*/s/ David J. Schenck*
DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General

BRUCE D. COHEN
Special Assistant to the Attorney General

Office of the Attorney General
P.O. Box 12548, Capitol Station
209 W. 14th Street
Austin, Texas  78701
(512) 936-1342 / (512) 936-0545 (fax)

*Attorneys for the State of Texas*

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been sent *via* certified mail, return receipt requested and/or through the Court's electronic notification system to the following parties on August 26, 2011:

Hon. Ronald C. Machen, Jr.
U.S. Attorney for the District of Columbia
Attn: Office of the Civil-Process Clerk
555 4th Street, NW
Washington, DC  20530

Daniel J. Freeman
U.S. DEPARTMENT OF JUSTICE
Voting Section, Civil Rights Division
950 Pennsylvania Avenue, NW
NWB Room 7203
Washington, DC 20530
(202) 305-4355
Email: daniel.freeman@usdoj.gov

Hon. Eric H. Holder, Jr.
Attorney General of the United States
950 Pennsylvania Ave, NW
Washington, DC  20530

J. Gerald Hebert
Attorney at Law
191 Somerville Street, #405
Alexandria, VA 22304
(703) 628-4673
Fax: (202) 736-2222
Email: jghebert@comcast.net

Paul M. Smith
Michael B. DeSanctis
Jessica Ring Amunson
Caroline D. Lopez
Jenner & Block LLP
1099 New York Ave., N.W.
Washington, D.C. 20001

Mark A. Posner
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
(202) 307-1388
Email: mposner@lawyerscommittee.org

John M. Devaney
Marc Erik Elias
PERKINS COIE
700 13th Street, NW
Suite 600
Washington, DC 20005-3960
(202) 628-6600
Fax: (202) 654-9124
Email: jdevaney@perkinscoie.com
Email: melias@perkinscoie.com

Nina Perales
MEXICAN AMERICAN LEGAL DEFENSE & EDUCATIONAL FUND, INC.
110 Broadway
Suite 300
San Antonio, TX 78205
(210) 224-5476
Fax: 210-224-5382
Email: nperales@maldef.org

                                      */s/ David J. Schenck*
                                      DAVID J. SCHENCK
                                      Deputy Attorney General for Legal Counsel