IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA; | ) |
| ERIC H. HOLDER, JR., in his official | ) |
| capacity as Attorney General | )   No. 1:11-cv-01303 (RMC-TBG-BAH) |
| | )   [Three Judge Court] |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| SENATOR WENDY DAVIS, | ) |
| REPRESENTATIVE MARC VEASEY | ) |
| JOHN JENKINS, VICKI BARGAS, | ) |
| and ROMEO MUÑOZ, | ) |
| | ) |
| Defendant-Intervenors, | ) |
| | ) |
| and | ) |
| | ) |
| MEXICAN AMERICAN LEGISLATIVE | ) |
| CAUCUS, TEXAS HOUSE OF | ) |
| REPRESENTATIVES (MALC), | ) |
| | ) |
| Proposed Defendant- | ) |
| Intervenor. | ) |
| _____ | ) |

## PROPOSED ANSWER OF DEFENDANT-INTERVENOR MALC

NOW COMES the MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC), Defendant-Intervenor in the above-captioned action, and answers Plaintiff's Complaint as follows:

## Answers to Allegations

1. Intervenor admits the allegations in paragraph 1 of the complaint.

2. Intervenor admits the allegations in paragraph 2 of the complaint.

3. Intervenor admits the allegations in paragraph 3 of the complaint, but denies that this Court should declare Plaintiff's redistricting plans compliant with Section 5.

4. Intervenor admits the allegations of paragraph 4 of the complaint.

5. Intervenor admits the allegations of paragraph 5 of the complaint.

6. Intervenor admits the allegations of paragraph 6 of the complaint.

7. Intervenor admits the allegations of paragraph 7 of the complaint.

8. Intervenor admits the allegations of paragraph 8 of the complaint.

9. Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9 of the complaint and therefore denies the same.

10. Intervenor admits the allegations of paragraph 10 of the complaint.

11. Intervenor admits the allegations of paragraph 11 of the complaint.

12. Intervenor admits that SBOE Plan, H.B. 600, was passed by the Legislature on May 6, 2011 and became effective under state law on May 18, 2011, and that maps of the former and new districts are attached to the Complaint. Intervenor denies that SBOE Plan, H.B. 600, will become effective on August 29, 2011 since it is not now, and will not be, effective pursuant to federal law. SBOE Plan, H.B. 600, is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

13. Intervenor admits that plaintiff has provided documents and data relating to the SBOE Plan to the Department of Justice, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 of the

complaint and therefore denies the same.

14. Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 of the complaint and therefore denies the same.

15. Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15 of the complaint and therefore denies the same.

16. Intervenor admits the allegations of paragraph 16 of the complaint.

17. Intervenor admits the allegations of paragraph 17 of the complaint.

18. Intervenor admits that House Plan, H.B. 150, was passed by the Legislature on May 23, 2011 and became effective under state law on June 17, 2011, and that maps of the former and new districts are attached to the Complaint. Intervenor denies that House Plan, H.B. 150, has become effective pursuant to federal law. House Plan, H.B. 150 is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

19. Intervenor denies the allegations of paragraph 19 of the complaint. State House Plan, H.B. 150, is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

20. Intervenor admits that plaintiff has provided documents and data relating to the House Plan to the Department of Justice, and otherwise denies the allegations of paragraph 20 of the complaint.

21. Intervenor denies the allegations of paragraph 21 of the complaint.

22. Intervenor denies the allegations of paragraph 22 of the complaint.

23. Intervenor admits the allegations of paragraph 23 of the complaint.

24. Intervenor admits the allegations of paragraph 24 of the complaint.

25. Intervenor admits that Senate Plan, S.B. 31, was passed by the Legislature on May 23, 2011 and became effective under state law on June 17, 2011, and that maps of the former and new districts are attached to the complaint. Intervenor denies that Senate Plan, S.B. 31, has become effective pursuant to federal law. Senate Plan, S.B. 31 is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

26. Intervenor denies the allegations of paragraph 26 of the complaint. Senate Plan, S.B. 31 is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act.

27. Intervenor admits that plaintiff has provided documents and data relating to the Senate Plan to the Department of Justice, and otherwise denies the allegations of paragraph 27 of the complaint.

28. Intervenor denies the allegations of paragraph 28 of the complaint.

29. Intervenor denies the allegations of paragraph 29 of the complaint.

30. Intervenor admits the allegations of paragraph 30 of the complaint.

31. Intervenor admits the allegations of paragraph 31 of the complaint.

32. Intervenor admits the allegations of paragraph 32 of the complaint.

33. Intervenor admits that during a special session of the Texas State Legislature convened on May 31, 2011, the Legislature passed Congressional Plan, S.B. 4, on June 24, 2011, and the plan became effective under state law on July 18, 2011, and that maps showing the former and new districts are attached to the complaint. Intervenor denies that Congressional Plan, S.B. 4, has become effective pursuant to federal law. Congressional Plan, S.B. 4 is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting

Rights Act, 42 U.S.C. § 1973c.

34. Intervenor admits that plaintiff has provided documents and data relating to the Congressional Plan to the Department of Justice, and otherwise denies the allegations of paragraph 34 of the complaint.

35. Intervenor denies the allegations of paragraph 35 of the complaint.

36. Intervenor denies the allegations of paragraph 36 of the complaint.

37. Intervenor denies the allegations of paragraph 37 of the complaint.

38. This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 38 of the complaint, Intervenor denies the allegations of paragraph 38 of the complaint.

39. Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 39 of the complaint and therefore denies the same.

40. Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 40 of the complaint and therefore denies the same.

41. This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 41 of the complaint, Intervenor denies the allegations of paragraph 41 of the complaint.

42. Intervenor denies the allegations of paragraph 42 of the complaint.

43. Intervenor denies the allegations of paragraph 43 of the complaint.

44. This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 44 of the complaint, Intervenor denies the allegations of paragraph 44 of the complaint.

45. Intervenor denies the allegations of paragraph 45 of the complaint.

46. Intervenor denies the allegations of paragraph 46 of the complaint.

47. This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 47 of the complaint, Intervenor denies the allegations of paragraph 47 of the complaint.

48. Intervenor denies the allegations of paragraph 48 of the complaint.

49. Intervenor denies the allegations of paragraph 49 of the complaint.

## Defendant-Intervenor Prayer for Relief

Defendant-Intervenor requests that this Court grant the following relief:

a. Deny the State of Texas a declaratory judgment stating that the State of Texas has demonstrated that SBOE - H.B. 600, House Plan - H.B. 150, Senate Plan - S.B. 31 and that Congressional Plan – S.B. 4, neither have a discriminatory effect on racial and ethnic minority voters nor were not adopted pursuant to a discriminatory purpose, as required by Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c;

b. To the extent authorized by federal law, grant Defendant-Intervenor any temporary, preliminary or permanent injunctive relief to enforce Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c;

c. Grant Defendant-Intervenor a reasonable award of attorney's fees, litigation expenses, including expert witness fees and expenses, and costs;

d. Grant Defendant-Intervenor such other relief that may be necessary and proper as the needs of justice may require.

Dated: August 17, 2011

Respectfully submitted,

s/ Mark A. Posner
Jon Greenbaum (D.C. Bar No. 489887)
Robert A. Kengle
Mark A. Posner (D.C. Bar No. 457833)
LAWYER'S COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1401 New York Avenue, NW
Suite 400
Washington, D.C. 20005
(202) 662-8389 (phone)
(202) 628-2858 (fax)
Washington, D.C. 20006
mposner@lawyerscommittee.org

JOSE GARZA
Texas Bar No. 07731950
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 98209
(210) 392-2856
garzapalm@aol.com

Joaquin G. Avila
Law Office of Joaquin G. Avila
Texas State Bar No. 01456150
P.O. Box 33687
Seattle, Washington 98133
(206) 724-3731
jgavotingrights@gmail.com