UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>        Defendant,<br><br>   and<br><br>SENATOR WENDY DAVIS, REPRESENTATIVE MARC VEASEY, JOHN JENKINS, VICKI BARGAS, and ROMEO MUÑEZ,<br><br>        Defendant-Intervenors,<br><br>   and<br><br>GREG GONZALEZ, LISA AGUILAR, DANIEL LUCIO, VICTOR GARZA, BLANCA GARCIA, JOSEPHINE MARTINEZ, KATRINA TORRES and NINA JO BAKER,<br><br>        Proposed Defendant-Intervenors. | Civil Action No. 1:11-cv-01303 (RMC-TBG-BAH) |

## ANSWER OF DEFENDANT-INTERVENORS

Proposed Intervenors Greg Gonzalez, Lisa Aguilar, Daniel Lucio, Victor Garza, Blanca Garcia, Josephine Martinez, Katrina Torres, and Nina Jo Baker ("Proposed Intervenors"), answer Plaintiff's Complaint as follows:

    1.    Proposed Intervenors admit the allegations in Paragraph 1.

    2.    Proposed Intervenors admit the allegations in Paragraph 2.

3. Proposed Intervenors deny that the Court is authorized to declare Plaintiff's redistricting plans compliant with Section 5 and admit the remaining allegations in Paragraph 3.

4. Proposed Intervenors admit the allegations in Paragraph 4.

5. Proposed Intervenors admit that Texas received four additional congressional seats following the 2010 census. Proposed Intervenors assert that the census data speaks for itself and deny the remaining allegations in Paragraph 5.

6. Proposed Intervenors admit the allegations in Paragraph 6.

7. Proposed Intervenors admit the allegations in Paragraph 7.

8. Proposed Intervenors admit the allegations in Paragraph 8.

9. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 9 and therefore deny the same.

10. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 10 and therefore deny the same.

11. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 11 and therefore deny the same.

12. Proposed Intervenors deny that the SBOE Plan has the force of law or can go into effect without preclearance under Section 5 of the Voting Rights Act. As to the remaining allegations in Paragraph 12, Proposed Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

13. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 13 and therefore deny the same.

14. Proposed Intervenors assert that the Submission speaks for itself. As to the remaining allegations in Paragraph 14, Proposed Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

15. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 15 and therefore deny the same.

16. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 16 and therefore deny the same.

17. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 17 and therefore deny the same.

18. Proposed Intervenors deny that the House Plan has the force of law or can go into effect without preclearance under Section 5 of the Voting Rights Act. As to the remaining allegations in Paragraph 18, Proposed Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

19. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 19 and therefore deny the same.

20. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 20 and therefore deny the same.

21. Proposed Intervenors asserts that the Submission speaks for itself. As to the remaining allegations in Paragraph 21, Proposed Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

22. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 22 and therefore deny the same.

23. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 23 and therefore deny the same.

24. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 24 and therefore deny the same.

25. Proposed Intervenors deny that the Senate Plan has the force of law or can go into effect without preclearance under Section 5 of the Voting Rights Act. As to the remaining allegations in this paragraph, Proposed Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

26. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 26 and therefore deny the same.

27. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27 and therefore deny the same.

28. Proposed Intervenors asserts that the Submission speaks for itself. As to the remaining allegations in Paragraph 28, Proposed Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

29. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27 and therefore deny the same.

30. Proposed Intervenors admit that Texas received four additional congressional seats following the 2010 census. Proposed Intervenors assert that the census data speaks for itself and deny the remaining allegations in Paragraph 30.

31. Proposed Intervenors admit the allegations in Paragraph 31.

32. Proposed Intervenors admit the allegations in Paragraph 32.

33. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 33 and therefore deny the same.

34. Proposed Intervenors asserts that the Submission speaks for itself. Proposed Intervenor denies the remaining allegations in Paragraph 34.

35. Proposed Intervenors asserts that the Submission speaks for itself. Proposed Intervenor denies the remaining allegations in Paragraph 35.

36. Proposed Intervenors admit that certain data available at Texas Redistricting, http://www.tlc.state.tx.us/redist/redist.htm (last visited on July 28, 2011), are consistent with the allegation that the Congressional Plan includes one proposed district with a Black Voting Age Population of 40.5% and one proposed district with a Black Voting Age Population of 37.6%. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth or accuracy of this data and therefore deny any remaining allegations in Paragraph 36.

37. Proposed Intervenors admit that certain data available at Texas Redistricting, http://www.tlc.state.tx.us/redist/redist.htm (last visited on July 28, 2011), are consistent with the allegation that the benchmark map and the Congressional Plan include seven districts with a Hispanic voting age population greater than 60% and one additional district in the Congressional Plan with a Hispanic voting age population over 50%. Proposed Intervenors

are without knowledge or information sufficient to form a belief as to the truth or accuracy of this data and therefore deny any remaining allegations in Paragraph 37.

38. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Proposed Intervenors deny the allegations in Paragraph 38.

39. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 39 and therefore deny the same.

40. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 40 and therefore deny the same.

41. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Proposed Intervenors deny the allegations in Paragraph 41.

42. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 42 and therefore deny the same.

43. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 43 and therefore deny the same.

44. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Proposed Intervenors deny the allegations in Paragraph 44.

45. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 45 and therefore deny the same.

-7-

46. Proposed Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 46 and therefore deny the same.

47. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Proposed Intervenors deny the allegations in Paragraph 41.

48. Proposed Intervenors deny the allegations in Paragraph 48.

49. Proposed Intervenors deny the allegations in Paragraph 49.

## AFFIRMATIVE DEFENSE

1. The State of Texas's proposed Congressional Redistricting Plan, P185, violates Section 5 of the Voting Rights Act, 42 U.S.C. § 1793c. The relief requested in Plaintiff's complaint should be denied.

Respectfully submitted,


By: s/ Marc Erik Elias
    Marc Erik Elias, Bar No. 442007
    John M. Devaney, Bar No. 375465
    Kevin J. Hamilton, Pro Hac Vice Pending,
     WSBA No. 15648
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C.  20005-3960
Telephone:  202.654.6200
Facsimile:  202.654-6211
Email: MElias@perkinscoie.com
Email: KHamilton@perkinscoie.com


By: s/ Max Renea Hicks
    Max Renea Hicks, Pro Hac Vice Pending,
    Texas Bar No. 9580400
**LAW OFFICES OF MAX RENEA HICKS**
101 West 6th Street, Suite 504,
Austin, Texas, 78701
Telephone: (512) 480-8231
Facsimile: (512) 480-9105
Email: rhicks@renea-hicks.com

Attorneys for Proposed Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Respectfully submitted,

**PERKINS COIE LLP**

By: s/ John M. Devaney
John M. Devaney, Bar No. 375465
JDevaney@perkinscoie.com
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654-6211