IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>ERIC HOLDER in his official capacity as<br>Attorney General of the United States,<br><br>Defendants,<br><br>SENATOR WENDY DAVIS<br>REPRESENTATIVE MARC VEASEY<br>JOHN JENKINS, VICKI BARGAS<br>and ROMEO MUÑOZ,<br><br>Defendant Intervenors,<br><br>and<br><br>TEXAS LEGISLATIVE BLACK CAUCUS,<br>1108 Lavaca Street, Suite 110<br>PMB 171<br>Austin, TX  78701<br><br>Proposed Defendant-Intervenor. | CIVIL ACTION NO.<br>1:11-cv-01303 (RMC) |

PROPOSED ANSWER OF DEFENDANT-INTERVENOR
TEXAS LEGISLATIVE BLACK CAUCUS

Proposed Defendant-Intervenor Texas Legislative Black Caucus ( hereinafter, "Defendant Intervenor") by and through the undersigned counsel, hereby submits the following Answer in response to the Complaint filed by the Plaintiff State of Texas in the above-captioned matter, as follows:

1. Admit.

2. Admit.

1

3. Defendant Intervenor admits the allegations in paragraph 5 only to the extent that it seeks to characterize the relief sought by Plaintiff in this case. Defendant Intervenor denies, however, Plaintiff is entitled to any relief in this action.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Defendant Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9 of the complaint and therefore denies the same.

10. Admit.

11. Admit.

12. Defendant Intervenor admits that SBOE Plan, H.B. 600, was passed by the Legislature on May 6, 2011, and that it satisfied requirements of state law on May 18, 2011. Intervenor denies that such plan will become effective on August 29, 2011, as such plan not now and will not be legally enforceable until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. Defendant Intervenor further denies that a map of the former and revised districts are attached, and avers that Attachment 2 depicts the districts currently in force and effect, and the districts proposed by the State of Texas.

13. Defendant Intervenor admits that plaintiff has provided documents and data relating to the SBOE Plan to the Department of Justice, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 of the complaint and therefore denies the same.

14. Defendant Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 of the complaint and therefore denies the same.

15. Defendant Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15 of the complaint and therefore denies the same.

16. Admit.

17. Admit.

18. Defendant Intervenor admits that House Plan, H.B. 150, was passed by the Legislature on May 23, 2011, and that it satisfied requirements of state law on June 17, 2011. Defendant Intervenor denies that House Plan, H.B. 150, has become effective pursuant to federal law. The House Plan is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.  Defendant Intervenor further denies that a map of the former and current districts are attached, and avers that Attachment 3 depicts the districts currently in force and effect, and the districts proposed by the State of Texas.

19. Deny. The House Plan is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

20. Defendant Intervenor admits that plaintiff has provided documents and data relating to the House Plan to the Department of Justice, and otherwise denies the allegations of paragraph 20 of the complaint.

21. Deny.

22. Deny.

23. Admit.

24. Admit.

25. Defendant Intervenor admits that Senate Plan, S.B. 31, was passed by the Legislature on May 23, 2011, and became effective under state law on June 17, 2011.  Defendant Intervenor denies that Senate Plan, S.B. 31, has become effective pursuant to federal law. The Senate Plan is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.  Defendant Intervenor further denies that a map of the former and current districts are attached, and avers that Attachment 3 depicts the districts currently in force and effect, and the districts proposed by the State of Texas.

26. Deny. Senate Plan, S.B. 31 is legally unenforceable and will remain so unless and until preclearance is obtained under Section 5 of the Voting Rights Act.

27. Defendant Intervenor admits that Plaintiff has provided documents and data relating to the Senate Plan to the Department of Justice, and otherwise denies the allegations of paragraph 27 of the complaint.

28. Deny.

29. Deny.

30. Admit.

31. Admit.

32. Admit.

33. Defendant Intervenor admits that a special session was convened on May 31, 2011, that the Legislature passed the Congressional Plan, S.B. 4, on June 24, 2011, and the plan became effective under state law on July 18, 2011. Defendant Intervenor denies that Congressional Plan, S.B. 4, has become effective pursuant to federal law.  Congressional Plan, S.B. 4 is legally unenforceable as law unless and until preclearance is obtained under Section 5 of the Voting

Rights Act, 42 U.S.C. § 1973c.  Defendant Intervenor further denies that maps of the former and current congressional districts are attached, and avers that Attachment 5 depicts the current congressional districts and the congressional districts proposed by the State of Texas.

34.  Defendant Intervenor admits that Plaintiff has provided documents and data relating to the Congressional Plan to the Department of Justice, and otherwise denies the allegations of paragraph 34 of the complaint.

35.  Deny.

36.  Deny.

37.  Deny.

38.  This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 38 of the complaint, Defendant Intervenor denies such allegations consistent with its responses to paragraphs 1-15 of the complaint.

39.  Defendant Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 39 of the complaint and therefore denies the same.

40.  Defendant Intervenor is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 40 of the complaint and therefore denies the same.

41.  This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 41 of the complaint, Defendant Intervenor denies such allegations consistent with its responses to paragraphs 1-9 and 16-22 of the complaint.

42. Deny.

43. Deny.

44. This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 44 of the complaint, Defendant Intervenor denies such allegations consistent with its responses to paragraphs 1-9 and 23-29 of the complaint.

45. Deny.

46. Deny.

47. This paragraph contains no factual allegations and requires no response. To the extent that there are any factual allegations contained in paragraph 47 of the complaint, Defendant Intervenor denies such allegations consistent with its responses to paragraphs 1-9 and 30-37 of the complaint.

48. Deny.

49. Deny.

<u>Defendant-Intervenor Prayer for Relief</u>

Defendant-Intervenor requests that this Court grant the following relief:

    1. Deny the State of Texas request for a declaratory judgment stating that the State of Texas has demonstrated that the House Plan, H.B. 150; the Senate Plan, S.B. 31; and Congressional Plan, S.B. 4, do not have any racially discriminatory purpose and will not have the effect of denying or abridging the right to vote on account of race or membership in a language minority group;

2.  Grant Defendant-Intervenor such other relief that may be necessary and proper as the needs of justice may require, including but not limited to a reasonable award of attorney's fees and litigation expenses, including expert witness fees and expenses, and costs.

August 22, 20011                                   Respectfully submitted,


                                                   /s/ John K. Tanner_____
                                                   John K. Tanner
                                                   DC Bar # 318873
                                                   3743 Military Road, NW
                                                   Washington, DC  20015
                                                   202-503-7696
                                                   john.k.tanner@gmail.com
                                                   Attorney for the TLBC Proposed
                                                   Defendant Intervenor