IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>       Plaintiff,<br><br>  - against -<br><br>UNITED STATES OF AMERICA and<br>ERIC H. HOLDER, JR. in his official capacity<br>as Attorney General of the United States,<br><br>       Defendants. | CIVIL ACTION NO. 1:11-cv-01303<br>Three-Judge Panel: RMC-TBG-BAH |

**ANSWER OF DEFENDANT-INTERVENOR
TEXAS LATINO REDISTRICTING TASK FORCE
TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
TO PLAINTIFF'S REQUEST FOR THREE-JUDGE COURT**

  The Texas Latino Redistricting Task Force ("Defendant-Intervenor Task Force"), hereby answers each of the numbered paragraphs of the Complaint in the above-captioned action as follows:

**Answers to Parties**

  1. Defendant-Intervenor Task Force admits the allegations of Paragraph 1.

  2. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 2. Defendant-Intervenor Task Force avers that citizens of jurisdictions in the State of Texas frequently participate as parties in defense of declaratory judgment actions under Section 5 of the Voting Rights Act, and play an indispensible role in the proper administration of that law.

## Answers to Jurisdiction and Venue

3. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 3 to the extent that they describe the statutory basis asserted by Plaintiff for the claims presented in the Complaint.

4. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 4.

## Answers to Facts

5. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 5. Defendant-Intervenor Task Force avers that, according to the same Census data, Latinos accounted for approximately 65% of the total population growth in Texas from 2000 to 2010.

6. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 6 to the extent that they describe the malapportionment of districts in the current statewide redistricting plans. Defendant-Intervenor Task Force denies that the current statewide redistricting plans are "preexisting" since they are still in effect unless and until the new redistricting plans receive preclearance under Section 5.

7. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 7.

8. Defendant-Intervenor Task Force admits the allegation contained in Paragraph 8 that the appointment of a three-judge panel to hear and resolve this Complaint is appropriate under 42 U.S.C. § 1973b(a)(5) and 28 U.S.C. § 2284(a).

9. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 9 to the extent that Plaintiff filed what it terms an "informal submission" related to the redistricting plans to the U.S. Department of Justice ("DOJ"), but avers that the "informal submission" fails to comply with requirements for preclearance submissions under Section 5 of the Voting Rights Act.

10. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 10.

11. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 11 to the extent that the 82nd Texas Legislature redistricted the State Board of Education ("SBOE") districts, but denies the remaining allegations contained in Paragraph 11.

12. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 12 to the extent that they describe passage of H.B. 600. Defendant-Intervenor Task Force denies that the new SBOE redistricting plan will become effective on August 29, 2011, because it is legally unenforceable unless and until it receives preclearance under Section 5.

13. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 13 to the extent that Plaintiff filed what it terms an "informal submission" of the SBOE redistricting plan to the DOJ. Defendant-Intervenor Task Force denies the remaining allegations in Paragraph 13 and avers that the "informal submission" fails to comply with requirements for preclearance submissions under Section 5 and is insufficient to demonstrate that the new SBOE redistricting plan is not retrogressive.

14. Defendant-Intervenor Task Force denies the allegations contained in Paragraph 14 and avers that the "informal submission" fails to comply with requirements for preclearance submissions under Section 5 and is insufficient to demonstrate that the new SBOE redistricting plan is not retrogressive.

15. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 15 to the extent that it describes certain demographic characteristics of the current SBOE districting plan and states that the new SBOE redistricting plan increases by approximately one-percent the HVAP and the SSVR in Districts 1 and 3. Defendant-Intervenor Task Force avers that the new

SBOE redistricting plan creates no additional districts in which Latino voters can elect their candidate of choice.

16. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 16.

17. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 17.

18. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 18 to the extent that they describe passage of H.B. 150. Defendant-Intervenor Task Force avers that although H.B. 150 was signed by the Governor on June 17, 2011, the new Texas House of Representatives redistricting plan ("House Plan") will not become effective unless and until it receives preclearance under Section 5.

19. Defendant-Intervenor Task Force denies the allegations contained in Paragraph 19 and avers that the House Plan will not become effective on August 29, 2011, because it is legally unenforceable unless and until it receives preclearance under Section 5.

20. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 20 to the extent that Plaintiff sent what it terms an "informal submission" of the House Plan to the DOJ. Defendant-Intervenor Task Force denies that the "informal submission" complies with the requirements for submissions under Section 5 of the Voting Rights Act and denies that the plan is entitled to preclearance. Defendant-Intervenor Task Force further avers that the new House Plan retrogresses Latino voting strength statewide.

21. Defendant-Intervenor Task Force denies the allegations contained in Paragraph 21. Defendant-Intervener Task Force avers that submission related to the House Plan is insufficient under Section 5 and further avers the House Plan is retrogressive because it creates fewer House districts in which Latinos have the opportunity to elect their candidate of choice.

22.   Defendant-Intervenor Task Force admits the allegations of Paragraph 22 to the extent that the chart represents certain characteristics of House districts in the current (benchmark) and proposed (H.B. 150) plans.  Defendant-Intervenor Task Force denies that the House Plan maintains or increases the number of House districts in which Latinos have the opportunity to elect their candidate of choice.

23.   Defendant-Intervenor Task Force admits the allegations contained in Paragraph 23.

24.   Defendant-Intervenor Task Force admits the allegations contained in Paragraph 24.

25.   Defendant-Intervenor Task Force admits the allegations contained in Paragraph 25 to the extent that they describe passage of S.B. 31, the new Texas Senate redistricting plan ("Senate Plan").  Defendant-Intervenor Task Force avers that although S.B. 31 was signed by the Governor on June 17, 2011, the Senate Plan will not become effective unless and until it receives preclearance under Section 5.

26.   Defendant-Intervenor Task Force denies the allegations contained in Paragraph 26 and avers that the Senate Plan will not become effective on August 29, 2011, because it is legally unenforceable unless and until it receives preclearance under Section 5.

27.   Defendant-Intervenor Task Force admits the allegations contained in Paragraph 27 to the extent that Plaintiff filed what it terms an "informal submission" of the Senate Plan to the DOJ.  Defendant-Intervenor Task Force denies the remaining allegations in Paragraph 27 and avers that the "informal submission" fails to comply with requirements for preclearance submissions under Section 5 and is insufficient to demonstrate that the new Senate redistricting plan is not retrogressive.

28.   Defendant-Intervenor Task Force denies the allegations of Paragraph 28, and avers that the informal submission fails to comply with requirements for preclearance submissions

under Section 5 and is insufficient to demonstrate that the new Senate redistricting plan is not retrogressive. Defendant-Intervenor Task Force further avers that the Senate Plan creates no additional Latino opportunity districts.

29. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 29 to the extent that they describe certain demographic characteristics of the benchmark and new Senate plans. Defendant-Intervenor Task Force is without sufficient information to admit or deny the State's prediction that "[a]ll nine of these districts will continue to elect the minority voters' candidate of choice under the Plan." Defendant-Intervenor Task Force avers that the new Senate Plan creates no additional districts in which Latino voters can elect their candidate of choice.

30. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 30.

31. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 31.

32. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 32.

33. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 33 to the extent that they describe passage of S.B. 4, the new Texas redistricting plan for electing representatives to the U.S. House of Representatives ("Congressional Plan"). Defendant-Intervenor Task Force avers that although S.B. 4 was signed by the Governor on July 18, 2011, the Congressional Plan will not become effective unless and until it receives preclearance under Section 5.

34. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 34 to the extent that Plaintiff sent what it termed an "informal submission" of the Congressional Plan to the DOJ. Defendant-Intervenor Task Force denies the remaining allegations in Paragraph 34 and avers that the "informal submission" fails to comply with requirements for preclearance

submissions under Section 5 and is insufficient to demonstrate that the new Congressional Plan is not retrogressive. Defendant-Intervenor Task Force denies that the plan is entitled to preclearance and further avers that the plan is retrogressive of Latino voting strength.

35. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 35 to the extent that it re-states the allegation that Plaintiff sent what it termed an "informal submission" regarding its Congressional Plan to the DOJ. Defendant-Intervenor Task Force denies the remaining allegations. Defendant-Intervener Task Force avers that the Congressional Plan is retrogressive because under the new plan Latinos have the opportunity to elect their candidate of choice in proportionally fewer districts when compared to the benchmark plan.

36. Defendant-Intervenor Task Force admits the allegations of Paragraph 36 to the extent that it describes certain demographic characteristics of districts in the benchmark and new congressional plans.

37. Defendant-Intervenor Task Force admits the allegations contained in Paragraph 37 to the extent that it describes certain demographic characteristics of districts in the benchmark and new congressional plans. Defendant-Intervener Task Force avers that the Congressional Plan is retrogressive because under the new plan Latinos have the opportunity to elect their candidate of choice in proportionally fewer districts when compared to the benchmark plan.

### Answers to Count I

38. Defendant-Intervenor Task Force reincorporates by reference the answers in Paragraphs 1-15.

39. Defendant-Intervenor Task Force denies the allegations in Paragraph 39.

40. Defendant-Intervenor Task Force denies the allegations in Paragraph 40.

**Answers to Count II**

41. Defendant-Intervenor Task Force reincorporates by reference the answers in Paragraphs 1-9 and Paragraphs16-22.

42. Defendant-Intervenor Task Force denies the allegations in Paragraph 42. Defendant-Intervener Task Force avers that the House Plan is retrogressive because it creates fewer districts in which Latinos have the opportunity to elect their candidate of choice, and that the House Plan is not entitled to preclearance under Section 5 of the Voting Rights Act. Defendant-Intervener Task Force further avers that the House Plan has both the purpose and effect of denying or abridging the right to vote on account of race or color or membership in a language minority.

43. Defendant-Intervenor Task Force denies the allegations in Paragraph 43.

**Answers to Count III**

44. Defendant-Intervenor Task Force reincorporates by reference the answers in Paragraphs 1-9 and Paragraphs 23-29.

45. Defendant-Intervenor Task Force denies the allegations in Paragraph 45.

46. Defendant-Intervenor Task Force denies the allegations in Paragraph 46.

**Answers to Count IV**

47. Defendant-Intervenor Task Force reincorporates by reference the answers in Paragraphs 1-9 and Paragraphs 30-37.

48. Defendant-Intervenor Task Force denies the allegations in Paragraph 48. Defendant-Intervener Task Force avers that the Congressional Plan is retrogressive because Latinos have the opportunity to elect their candidate of choice in proportionally fewer districts when compared to the benchmark plan, and that the Congressional Plan is not entitled to

preclearance under Section 5 of the Voting Rights Act. Defendant-Intervener Task Force further avers that the Congressional Plan has both the purpose and effect of denying or abridging the right to vote on account of race or color or membership in a language minority.

49. Defendant-Intervenor Task Force denies the allegations in Paragraph 49.

### Answers to Demand for Judgment

Defendant-Intervenor Task Force admits that a three-judge panel is appropriate to hear and resolve this Complaint under 42 U.S.C. § 1973b(a)(5) and 28 U.S.C. § 2284(a).

Defendant-Intervenor Task Force denies that Plaintiff is entitled to a declaratory judgment that any of the proposed redistricting plans are entitled to preclearance under Section 5 of the Voting Rights Act, and further denies that the redistricting plans do not deny or abridge the right to vote on account of race, color, or membership in a language minority.

Defendant-Intervenor Task Force denies that Plaintiff is entitled to declaratory judgment that the redistricting plans may be implemented immediately.

Defendant-Intervenor Task Force denies that Plaintiff is entitled to any other relief.

Dated: San Antonio, Texas
August 22, 2011

Respectfully submitted,

/s/ Nina Perales

Nina Perales (D.C. Bar No. TX0040)
Mexican American Legal Defense
   & Educational Fund
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

*Attorney for Proposed Defendant-Intervenor*
  *Texas Latino Redistricting Task Force*

OF COUNSEL:

Janice Mac Avoy
Karolina J. Lyznik
Jorge M. Castillo
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000 (telephone)
(212) 859-4000 (facsimile)
janice.macavoy@friedfrank.com

8300946