UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>             Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>             Defendant,<br><br>       and<br><br>SENATOR WENDY DAVIS, REPRESENTATIVE MARC VEASEY, JOHN JENKINS, VICKI BARGAS, and ROMEO MUÑEZ,<br><br>             Defendant-Intervenors,<br><br>       and<br><br>MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC),<br><br>             Defendant-Intervenors,<br><br>       and<br><br>GREG GONZALES (7008 Dorothy Louise San Antonio, Texas 78229),<br>LISA AGUILAR (12334 Gage Road Clint, Texas 79836),<br>DANIEL LUCIO (325 Naples Street Corpus Christi, Texas 78401),<br>VICTOR GARZA (690 S Reagan St San Benito, Texas 78586),<br>BLANCA GARCIA (514 W Annie St Austin, Texas 78704),<br>JOSEPHINE MARTINEZ (317 East Drew Street Fort Worth, Texas 76110),<br>KATRINA TORRES (1649 Hendrix Dr Irving, Texas 75061), and | Civil Action No. 1:11-cv-01303 (RMC-TBG-BAH) |

NINA JO BAKER (1002 East 2nd Street
Fort Worth, Texas 76104),

    Defendant-Intervenors,

 and

TEXAS LEGISLATIVE BLACK CAUCUS,

    Defendant-Intervenor,

 and

TEXAS LATINO REDISTRICTING TASK FORCE,

    Defendant-Intervenor,

 and

TEXAS STATE CONFERENCE OF NAACP BRANCHES, JUANITA WALLACE, REV. BILL LAWSON, HOWARD JEFFERSON, ERICKA CAIN, NELSON LINDER, and REGINALD LILLIE,

    Defendant-Intervenors.

## ANSWER OF DEFENDANT-INTERVENORS

Intervenors Greg Gonzales, Lisa Aguilar, Daniel Lucio, Victor Garza, Blanca Garcia, Josephine Martinez, Katrina Torres, and Nina Jo Baker ("Defendant-Intervenors"), answer Plaintiff's Complaint as follows:

1. Defendant-Intervenors admit the allegations in Paragraph 1.

2. Defendant-Intervenors admit the allegations in Paragraph 2.

3. Defendant-Intervenors deny that the Court is authorized to declare Plaintiff's redistricting plans compliant with Section 5 and admit the remaining allegations in Paragraph 3.

4. Defendant-Intervenors admit the allegations in Paragraph 4.

5. Defendant-Intervenors admit that Texas received four additional congressional seats following the 2010 census. Defendant-Intervenors assert that the census data speaks for itself and deny the remaining allegations in Paragraph 5.

6. Defendant-Intervenors admit the allegations in Paragraph 6.

7. Defendant-Intervenors admit the allegations in Paragraph 7.

8. Defendant-Intervenors admit the allegations in Paragraph 8.

9. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 9 and therefore deny the same.

10. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 10 and therefore deny the same.

11. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 11 and therefore deny the same.

12. Defendant-Intervenors deny that the SBOE Plan has the force of law or can go into effect without preclearance under Section 5 of the Voting Rights Act. As to the remaining allegations in Paragraph 12, Defendant-Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

13. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 13 and therefore deny the same.

14. Defendant-Intervenors assert that the Submission speaks for itself. As to the remaining allegations in Paragraph 14, Defendant-Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

15. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 15 and therefore deny the same.

16. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 16 and therefore deny the same.

17. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 17 and therefore deny the same.

18. Defendant-Intervenors deny that the House Plan has the force of law or can go into effect without preclearance under Section 5 of the Voting Rights Act. As to the remaining allegations in Paragraph 18, Defendant-Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

19. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 19 and therefore deny the same.

20. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 20 and therefore deny the same.

21. Defendant-Intervenors asserts that the Submission speaks for itself. As to the remaining allegations in Paragraph 21, Defendant-Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

22. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 22 and therefore deny the same.

23. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 23 and therefore deny the same.

24. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 24 and therefore deny the same.

25. Defendant-Intervenors deny that the Senate Plan has the force of law or can go into effect without preclearance under Section 5 of the Voting Rights Act. As to the remaining allegations in this paragraph, Defendant-Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

26. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 26 and therefore deny the same.

27. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27 and therefore deny the same.

28. Defendant-Intervenors asserts that the Submission speaks for itself. As to the remaining allegations in Paragraph 28, Defendant-Intervenors are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

29. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27 and therefore deny the same.

30. Defendant-Intervenors admit that Texas received four additional congressional seats following the 2010 census. Defendant-Intervenors assert that the census data speaks for itself and deny the remaining allegations in Paragraph 30.

31. Defendant-Intervenors admit the allegations in Paragraph 31.

32. Defendant-Intervenors admit the allegations in Paragraph 32.

33. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 33 and therefore deny the same.

34. Defendant-Intervenors assert that the Submission speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 34.

35. Defendant-Intervenors assert that the Submission speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 35.

36. Defendant-Intervenors admit that certain data available at Texas Redistricting, http://www.tlc.state.tx.us/redist/redist.htm (last visited on July 28, 2011), are consistent with the allegation that the Congressional Plan includes one proposed district with a Black Voting Age Population of 40.5% and one proposed district with a Black Voting Age Population of 37.6%. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth or accuracy of this data and therefore deny any remaining allegations in Paragraph 36.

37. Defendant-Intervenors admit that certain data available at Texas Redistricting, http://www.tlc.state.tx.us/redist/redist.htm (last visited on July 28, 2011), are consistent with the allegation that the benchmark map and the Congressional Plan include seven districts with a Hispanic voting age population greater than 60% and one additional district in the Congressional Plan with a Hispanic voting age population over 50%. Defendant-Intervenors

are without knowledge or information sufficient to form a belief as to the truth or accuracy of this data and therefore deny any remaining allegations in Paragraph 37.

38. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Defendant-Intervenors deny the allegations in Paragraph 38.

39. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 39 and therefore deny the same.

40. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 40 and therefore deny the same.

41. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Defendant-Intervenors deny the allegations in Paragraph 41.

42. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 42 and therefore deny the same.

43. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 43 and therefore deny the same.

44. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Defendant-Intervenors deny the allegations in Paragraph 44.

-8-

45. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 45 and therefore deny the same.

46. Defendant-Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 46 and therefore deny the same.

47. This paragraph makes no factual allegations and requires no response. To the extent that a response is required, Defendant-Intervenors deny the allegations in Paragraph 41.

48. Defendant-Intervenors deny the allegations in Paragraph 48.

49. Defendant-Intervenors deny the allegations in Paragraph 49.

## AFFIRMATIVE DEFENSE

1. The State of Texas's proposed Congressional Redistricting Plan, P185, violates Section 5 of the Voting Rights Act, 42 U.S.C. § 1793c. The relief requested in Plaintiff's complaint should be denied.

Dated: September 15, 2011

Respectfully submitted,

By: /s/ Marc Erik Elias
    Marc Erik Elias, Bar No. 442007
    John M. Devaney, Bar No. 375465
    Kevin J. Hamilton, Pro Hac Vice,
     WSBA No. 15648
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654-6211
Email: MElias@perkinscoie.com
Email: KHamilton@perkinscoie.com


By: /s/ Max Renea Hicks
    Max Renea Hicks, Pro Hac Vice,
    Texas Bar No. 9580400
**LAW OFFICES OF MAX RENEA HICKS**
101 West 6th Street, Suite 504,
Austin, Texas, 78701
Telephone: (512) 480-8231
Facsimile: (512) 480-9105
Email: rhicks@renea-hicks.com

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ John M. Devaney
   John M. Devaney, Bar No. 375465
   JDevaney@perkinscoie.com
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654-6211