IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA and ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>        Defendants. | Civil Action No. 1:11-cv-1303<br>(RMC-TBG-BAH)<br>Three-Judge Court |

## ANSWER

Defendants Eric H. Holder, Jr., Attorney General of the United States, and the United States of America hereby answer each paragraph of the Complaint as follows:

In response to the un-numbered first paragraph in the Complaint, Defendants admit that Plaintiff is seeking a declaratory judgment in this action that four statewide redistricting plans comply with Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.  Defendants admit that Plaintiff is entitled to a declaratory judgment under Section 5 of the Voting Rights Act with respect to the proposed State Board of Education (SBOE) plan and the proposed Senate plan. Defendants deny that Plaintiff is entitled to a declaratory judgment under Section 5 of the Voting Rights Act with respect to the proposed House plan and the proposed Congressional plan. Defendants lack knowledge or information sufficient to form a belief about what assumptions under which Plaintiff brings its claims, and about what claims that Plaintiff reserves, and therefore deny the same.  Defendants aver that Section 5 is constitutional.

1. Defendants admit that Texas is a state and is subject to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.  Defendants lack knowledge or information sufficient to form a

   belief about the truth of whether Texas brings this action on behalf of itself and its citizens and therefore deny the same.

2. Defendants admit the allegations in Paragraph 2.

3. In response to the allegations in Paragraph 3, Defendants admit that this action is brought pursuant to Section 5 of the Voting Rights Act, that this Court is authorized to issue a declaration as to whether Plaintiff's redistricting plans comply with Section 5 of the Voting Rights Act, and that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Defendants deny that Plaintiff is entitled to a determination that the proposed House plan and proposed Congressional plan comply with Section 5 of the Voting Rights Act.

4. Defendants admit the allegation in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7 insofar as they merely contend that the Texas Legislature has enacted proposed redistricting plans for the SBOE, Texas House of Representatives, Texas Senate, and Texas Congressional delegation.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9 only insofar as Defendants have received information from Plaintiff regarding the four redistricting plans that are the subject of this declaratory judgment action. Plaintiff has not filed a request with the Attorney General seeking administrative preclearance for the four redistricting plans pursuant to Section 5 of the Voting Rights Act.  Defendants deny that Plaintiff's "informal" submission is complete, in that it does not contain all information necessary for Defendants to

determine whether the redistricting plans at issue in this litigation comply with Section 5 of the Voting Rights Act. Defendants further deny that the "informal" submission tracks and mirrors the DOJ's administrative preclearance process.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12, except to the extent that Plaintiff alleges that the proposed SBOE plan became effective on August 29, 2011, which allegation is denied. The proposed SBOE plan has no force or effect unless and until this Court determines that the plan meets the requirements of Section 5 of the Voting Rights Act.

13. Defendants admit the allegations in Paragraph 13, to the extent that Plaintiff provided the Attorney General with documents and data on July 19, 2011, and that Plaintiff attached those materials to the Complaint. Defendants deny that these documents and data constitute all materials necessary for the Attorney General to determine whether the proposed SBOE plan complies with Section 5 of the Voting Rights Act.

14. Defendants admit the allegation in Paragraph 14, only to the extent that the informal submission explains Plaintiff's view of the SBOE plan. Defendants deny that Plaintiff's informal submission establishes these facts standing alone. Defendants admit that the SBOE plan complies with Section 5 of the Voting Rights Act.

15. Defendants admit the allegations in Paragraph 15. Defendants deny that Plaintiff's informal submission established these facts standing alone.

16. Defendants admit the allegation in Paragraph 16.

17. Defendants admit the allegation in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18, except to the extent that Plaintiff alleges that H.B. 150 is enforceable, which allegation is denied. The proposed House plan has no force or effect unless and until this Court determines that the plan meets the requirements of Section 5 of the Voting Rights Act.

19. Defendants deny the allegation in Paragraph 19. The proposed House plan has no force or effect unless and until this Court determines that the plan meets the requirements of Section 5 of the Voting Rights Act.

20. Defendants admit the allegations in Paragraph 20, to the extent that Plaintiff provided the Attorney General with documents and data on July 19, 2011, and that Plaintiff attached those materials to the Complaint. Defendants deny that these documents and data constitute all materials necessary for the Attorney General to determine whether the proposed House plan complies with Section 5 of the Voting Rights Act.

21. Defendants admit the allegation in Paragraph 21, only to the extent that the informal submission explains Plaintiff's view of the proposed House plan. Defendants deny that Plaintiff's informal submission establishes these facts standing alone. Defendants deny that the proposed House plan, as compared with the benchmark, maintains or increases the ability of minority voters to elect their candidate of choice in each district protected by Section 5. Defendants deny that the proposed House plan complies with Section 5 of the Voting Rights Act.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit the allegation in Paragraph 23.

24. Defendants admit the allegation in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25, except to the extent that Plaintiff alleges that S.B. 31 is enforceable, which allegation is denied. The proposed Senate plan has no force or effect unless and until this Court determines that the plan meets the requirements of Section 5 of the Voting Rights Act.

26. Defendants deny the allegation in Paragraph 26. The proposed Senate plan has no force or effect unless and until this Court determines that the plan meets the requirements of Section 5 of the Voting Rights Act.

27. Defendants admit the allegations in Paragraph 27, to the extent that Plaintiff provided the Attorney General with documents and data on July 19, 2011, and that Plaintiff attached those materials to the Complaint. Defendants deny that these documents and data constitute all materials necessary for the Attorney General to determine whether the proposed Senate plan complies with Section 5 of the Voting Rights Act.

28. Defendants admit the allegation in Paragraph 28, only to the extent that the informal submission explains Plaintiff's view of the proposed Senate plan. Defendants deny that Plaintiff's informal submission establishes these facts standing alone. Defendants admit that the proposed Senate plan complies with Section 5 of the Voting Rights Act.

29. Defendants admit the allegations in Paragraph 29, except to the extent that Plaintiff alleges a causal or legal connection between maintenance of specific population thresholds and the continued ability of minority voters to elect their candidates of choice or that the nine districts that meet these numerical thresholds are the only districts in which minority voters have the ability to elect their candidate of choice under the benchmark Senate plan or the proposed Senate plan, which allegations are denied.

30. Defendants admit the allegations in Paragraph 30.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegation in Paragraph 32.

33. Defendants admit the allegations in Paragraph 33, except to the extent that Plaintiff alleges that S.B. 4 is enforceable, which allegation is denied. The proposed Congressional plan has no force or effect unless and until this Court determines that the plan meets the requirements of Section 5 of the Voting Rights Act.

34. Defendants admit the allegations in Paragraph 34, to the extent that Plaintiff provided the Attorney General with documents and data on July 19, 2011, and that Plaintiff attached those materials to the Complaint. Defendants deny that these documents and data constitute all materials necessary for the Attorney General to determine whether the proposed Congressional plan complies with Section 5 of the Voting Rights Act.

35. Defendants admit the allegation in Paragraph 35, only to the extent that the informal submission explains Plaintiff's view of the proposed Congressional plan. Defendants deny that Plaintiff's informal submission establishes these facts standing alone. Defendants deny that the proposed Congressional plan, as compared with the benchmark, maintains or increases the ability of minority voters to elect their candidate of choice in each district protected by Section 5. Defendants deny that the proposed Congressional plan complies with Section 5 of the Voting Rights Act.

36. Defendants admit the allegations in Paragraph 36, except to the extent that Plaintiff alleges that districts with a certain percentage of Black voting-age population (BVAP) necessarily either provide or do not provide Black voters with the ability to elect their candidate of choice, which allegations are denied.

37. Defendants admit the allegations in Paragraph 37, except to the extent that Plaintiff alleges that districts with a certain percentage of Hispanic voting-age population (HVAP) necessarily either provide or do not provide Hispanic voters with the ability to elect their candidate of choice, which allegations are denied.

38. Defendants' responses to Paragraphs 1-15 above are incorporated by reference in response to Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. In response to the allegations in Paragraph 40, Defendants admit that Plaintiff is entitled to a declaratory judgment that the proposed SBOE plan complies with Section 5 of the Voting Rights Act.  Defendants aver that the Court will have to make its own determination as to whether the proposed SBOE plan complies with Section 5 of the Voting Rights Act before the plan may be implemented.

41. Defendants' responses to Paragraphs 1-9 and 16-22 above are incorporated by reference in response to Paragraph 41.

42. Defendants deny the allegation in Paragraph 42.

43. Defendants deny the allegation in Paragraph 43.

44. Defendants' responses to Paragraphs 1-9 and 23-29 above are incorporated by reference in response to Paragraph 44.

45. Defendants admit the allegations in Paragraph 45.

46. In response to the allegations in Paragraph 46, Defendants admit that Plaintiff is entitled to a declaratory judgment that the proposed Senate plan complies with Section 5 of the Voting Rights Act.  Defendants aver that the Court will have to make its own

determination as to whether the proposed Senate plan complies with Section 5 of the Voting Rights Act before the plan may be implemented.

47. Defendants' responses to Paragraphs 1-9 and 30-37 above are incorporated by reference in response to Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

In response to Plaintiff's Demand for Judgment, Defendants answer as follows:

A. Defendants admit that a three-judge court is necessary to hear this action under 42 U.S.C. § 1973c.

B. Defendants admit that Plaintiff is entitled to a declaratory judgment on the proposed SBOE plan and the proposed Senate plan, deny that Plaintiff is entitled to a declaratory judgment on the proposed House plan, and deny that Plaintiff is entitled to a declaratory judgment on the proposed Congressional plan.

C. Defendants admit that Plaintiff is entitled to a declaratory judgment on the proposed SBOE plan and the proposed Senate plan, deny that Plaintiff is entitled to a declaratory judgment on the proposed House plan, and deny that Plaintiff is entitled to a declaratory judgment on the proposed Congressional plan.

D. Defendants deny that Plaintiff is entitled to any other and further relief.

Any and all allegations not specifically admitted herein are denied.

Defendants believe that the scope of the issues between the parties can be substantially narrowed. In order to establish the districts that remain at issue in this litigation, Defendants will present proposed stipulations to Plaintiff and to the Defendant-Intervenors on or before September 20, 2011.

Date: September 19, 2011

| | |
|---|---|
| RONALD C. MACHEN, JR.<br>United States Attorney<br>District of Columbia | Respectfully submitted,<br><br>THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>*/s/ Daniel J. Freeman*<br>T. CHRISTIAN HERREN, JR.<br>TIMOTHY F. MELLETT<br>DANIEL J. FREEMAN<br>Attorneys<br>Voting Section, Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br>(800) 253-3931 |

CERTIFICATE OF SERVICE

      I hereby certify that on September 19, 2011, I served a true and correct copy of the foregoing via the Court's ECF filing system on the following counsel of record:

David John Schenck
Office of the Attorney General
209 West 14th Street, 8th Floor
Austin, Texas 78701

*Counsel for Plaintiff*

Marc A. Posner
Lawyers' Committee for Civil Rights
1401 New York Avenue NW, Suite 400
Washington, DC 20005

*Counsel for Mexican American Legislative Caucus*

John Kent Tanner
3743 Military Road, NW
Washington, DC 20015

*Counsel for Texas Legislative Black Caucus*

Robert Stephen Notzon
1507 Nueces Street
Austin, TX 78701

*Counsel for Texas State Conference of NAACP Braches*

Joseph Gerald Hebert
191 Somerville Street, Suite 405
Alexandria, Virginia 22304

*Counsel for Davis Intervenors*

John M. Devaney
Marc Erik Elias
Perkins Coie
700 13th Street NW, Suite 600
Washington, DC 20005

*Counsel for Gonzalez Intervenors*

Nina Perales
Mexican American Legal Defense &
   Educational Fund
110 Broadway, Suite 300
San Antonio, Texas 78205

*Counsel for Texas Latino Redistricting Task Force*

Ray Velarde
1216 Montana Avenue
El Paso, TX 79902

*Counsel for Movant-Intervenor League of United Latin American Citizens*


/s/ Daniel J. Freeman
Daniel J. Freeman
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(800) 253-3931