UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and ERIC H. HOLDER, in his official capacity as Attorney General of the United States<br><br>Defendants, and<br><br>Wendy Davis, *et. al.*,<br><br>Defendant- Intervenors. | Civil Action No. 11-1303<br>(TBG-RMC-BAH) |

**MEMORANDUM AND ORDER**

Two motions are before the court. First, Plaintiff the State of Texas moves to dismiss as moot all claims asserted in its original complaint. Texas Mot. [Dkt. # 239]. Second, a number of the Defendant-Intervenors have moved for leave to file amended answers containing a counterclaim based on Section 3(c) of the Voting Rights Act (VRA), 42 U.S.C. § 1973a(c). Def.-Intervenors Mot. [Dkt. # 241]. We grant Texas's motion to dismiss all of its claims and deny Defendant-Intervenors' motion for leave to amend their answers and assert a counterclaim.

Texas brought this action seeking a declaratory judgment that four proposed redistricting plans had neither the purpose nor the effect of denying or abridging the right to vote on account of race or language minority under Section 5 of the VRA, 42 U.S.C. § 1973c. *See Texas v. United States*, 887 F. Supp. 2d 133, 138-39 (D.D.C. 2012), *vacated and remanded*, 133 S. Ct. 2885 (2013). After a bench trial, we concluded that none of the three contested plans (the

1

defendants did not object to the fourth) merited preclearance and therefore denied Texas its requested declaratory relief. *See id.* at 178. Texas appealed directly to the Supreme Court (per 42 U.S.C. § 1973c(a)), which was then considering *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), a facial constitutional challenge to the coverage formula defining which states and political subdivisions were subject to VRA Section 5.

On June 23, 2013, while Texas's appeal was pending and before the Supreme Court had announced its decision in *Shelby County*, the Texas legislature adopted a new set of redistricting plans supported by the Governor of Texas that replaced those challenged in this litigation. On June 24, Defendant-Intervenors asked the Supreme Court to dismiss Texas's appeal as moot in light of those superseding plans. *See* Mot. of Appellee-Intervenors To Dismiss Appeal as Moot, *Texas v. United States*, 133 S. Ct. 2885 (2013) (No. 12-496). On June 25, the Supreme Court announced its opinion in *Shelby County*, holding the VRA's coverage formula unconstitutional, thereby removing all previously covered jurisdictions, including Texas, from the preclearance regime of Section 5. *See* 133 S. Ct. at 2631. On June 27, the Supreme Court vacated our judgment and remanded this case to us "for further consideration in light of *Shelby County v. Holder* . . . and the suggestion of mootness of [Defendant-Intervenors]." *Texas v. United States*, 133 S. Ct. at 2885.

On July 3, 2013, Texas filed the motion before us, asking that we dismiss all claims in its original complaint. Noting that *Shelby County* removed the requirement of preclearance and that Texas had enacted new redistricting plans, Texas argues, much as Defendant-Intervenors had before the Supreme Court, that its claims before this court have become moot, "thus eliminating any basis for this Court's jurisdiction." Texas Mot. at 2. Within hours, Defendant-Intervenors filed a motion of their own that seeks "leave to amend their answers in this action and to assert a

counterclaim against the [S]tate of Texas pursuant to Section 3(c) of the Voting Rights Act." Def.-Intervenors Mot. at 1. The United States does not oppose Texas's voluntary dismissal of its claims, *see* U.S. Resp. to Texas Mot. [Dkt. # 247], and suggests that ongoing litigation in the Western District of Texas (*Perez v. Perry*, No. 5:11-cv-360) is a better vehicle for Defendant-Intervenors' pursuit of Section 3(c) relief, *see* U.S. Resp. to Def.-Intervenors Mot. [Dkt. # 248].

We agree with Texas that its claims were mooted by *Shelby County* and the adoption of superseding redistricting plans. A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982) (*per curiam*)). In this suit, Texas sought a declaratory judgment that its 2011 redistricting plans complied with Section 5 of the VRA. *See* Texas Compl. [Dkt. # 1] at 1. Of course, Texas did not implement those plans but replaced them, and *Shelby County* relieved Texas of the need to seek preclearance. The sole issue presented in this case ceased to be "live" in June. Neither party has a "legally cognizable interest" in our determining whether the superseded plans comply with the now-inapplicable Section 5. Indeed, answering that question now would entail "precisely the sort of advisory opinion against which the mootness doctrine sets its face, as we do ours." *Tenn. Gas Pipeline Co. v. Fed. Power Comm'n*, 606 F.2d 1373, 1381 (D.C. Cir. 1979).

Defendant-Intervenors offer several arguments against mootness, but none is persuasive. First, they emphasize that the Supreme Court did not order us to dismiss the case as moot. Def.-Intervenors Opp'n [Dkt. # 252] at 2. This reads too much into the Court's summary vacatur and remand of our judgment. In fact, the Court instructed us to consider both the effect of *Shelby County* and the mootness argument Defendant-Intervenors themselves had raised before the

Court. *See* 133 S. Ct. at 2885. Having followed that instruction, we conclude that Texas's claims are moot.

Second, Defendant-Intervenors suggest we cannot rely upon the abandonment of the 2011 redistricting plans because "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case." Def.-Intervenors Opp'n at 3 (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). But that argument does not fit the facts of our case. The voluntary cessation of conduct challenged in a lawsuit is relevant to a suggestion of mootness when a *defendant* attempts to moot a *plaintiff's* claim, not when a plaintiff itself changes course in a manner that precludes it from obtaining any meaningful relief. *See Already, LLC*, 133 S. Ct. at 727. In any event, there is more at work here than the Texas legislature's decision to abandon the 2011 plans. The decision in *Shelby County* dismantled the legal framework that called for preclearance of Texas's redistricting plans in the first place. That alone rendered Texas's claim for declaratory relief moot.

Third, Defendant-Intervenors note that they intend to move for attorneys' fees. Def.-Intervenors Opp'n at 4-5. We fail to see how that speaks to mootness. As one of the cases cited by Defendant-Intervenors shows, they will remain free to seek attorneys' fees after dismissal. *See Comm'rs Court of Medina Cnty., Tex. v. United States*, 683 F.2d 435, 438 (D.C. Cir. 1982) (defendant-intervenors in VRA preclearance suit moved for attorneys' fees *after* district court dismissed suit as moot).

Our conclusion that we must dismiss Texas's claims—the only claims that presently exist in this action—in turn affects our consideration of Defendant-Intervenors' request for leave to amend their answers and assert a counterclaim. That request is effectively a request to initiate a new lawsuit in which Defendant-Intervenors are the plaintiffs and Texas the defendant. But

while Texas was statutorily required to bring its preclearance action here in the District of Columbia, *see* 42 U.S.C. § 1973c(a), this would not be the proper venue for Defendant-Intervenors to bring a VRA action against Texas, *see* 28 U.S.C. § 1391(b). Improper venue does not deprive a federal court of jurisdiction, but if Defendant-Intervenors brought the type of claim they wish to assert against Texas as an original action in this court, we would transfer it to the Western District of Texas per 28 U.S.C. § 1406(a). And even were venue not technically improper here, in these circumstances we would exercise our discretion under 28 U.S.C. § 1404(a) to effect the transfer, much as this court has done in other VRA cases. *See Reaves v. U.S. Dep't of Justice*, 355 F. Supp. 2d 510, 516-17 (D.D.C. 2005) (three-judge court) (transferring, *sua sponte*, VRA action against South Carolina to the District of South Carolina under § 1404); *cf. Little v. King*, 768 F. Supp. 2d 56, 64-68 (D.D.C. 2011) (granting Alabama Attorney General's motion to transfer VRA claim to the Middle District of Alabama under § 1404). Therefore, rather than grant Defendant-Intervenors' motion for leave to amend their pleadings only to immediately transfer the case, we will simply deny their motion. Defendant-Intervenors remain free to seek their desired relief in a more appropriate forum.

For the foregoing reasons, it is

**ORDERED** that Texas's motion to dismiss its claims [Dkt. # 239] is **GRANTED**; and it is

**FURTHER ORDERED** that Defendant-Intervenors' motion for leave to amend their answers and assert a counterclaim [Dkt. # 241] is **DENIED**.  This is a final appealable order. *See* Fed. R. App. P. 4(a).  This case is closed.

/s/
THOMAS B. GRIFFITH
United States Circuit Judge

Date: December 3, 2013

        /s/
ROSEMARY M. COLLYER
United States District Judge

        /s/
BERYL A. HOWELL
United States District Judge