IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; <br> ERIC HOLDER in his official capacity as <br> Attorney General of the United States, <br><br> Defendants, *et al*. | Civil Action No. 1:11-cv-1303 <br> (RMC-TBG-BAH) |

**DEFENDANT-INTERVENORS TEXAS STATE CONFERENCE OF NAACP BRANCHES, ET AL.'S MOTION FOR ATTORNEYS' FEES, EXPENSES AND COSTS**

Defendant-Intervenors Texas State Conference of NAACP Branches, *et al*., (hereafter "Texas NAACP Intervenors") respectfully move this Court for an order granting attorneys' fees, expenses, and costs to them, as the prevailing party in this Voting Rights Act case pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1973*l*(e), 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and this Court's Local Rule 54.2, Based on this motion, the attached supporting materials, and the record in this case, the Texas NAACP Intervenors seek a total sum of $32,374.05 in fees, expenses, and costs.

**BACKGROUND AND PROCEDURAL HISTORY**

I.  **Texas Was Denied Preclearance of its State Senate and Congressional Plans By This Court.**

On July 19, 2011, Texas filed a complaint for declaratory judgment that the redistricting plans it adopted to govern elections for the U.S. House of Representatives ("Congressional Plan"), the State House of Representatives ("State House Plan"), the State Senate ("State Senate Plan") (collectively the "Plans"), and the State Board of Education complied with Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

The Texas NAACP Intervenors intervened, opposing preclearance of the state

senate, house and congressional redistricting plans.[2] With respect to these plans, the Texas NAACP Intervenors alleged the plans were infected with a racially discriminatory intent and would have a racially discriminatory effect and therefore could not be precleared under Section 5 The Plaintiff State of Texas moved for summary judgment on all three plans, which this Court denied on November 8, 2011. In its Memorandum Opinion explaining the denial of Texas's motion for summary judgment, this Court found that Texas "ha[d] failed to demonstrate that the Plans do not have the purpose of denying or abridging the right to vote on account of race or color, or membership in a language minority group." Memorandum Opinion of December 22, 2011 at 41 (ECF No. 115) (internal quotation marks omitted) of the Voting Rights Act.

Trial was held over a two-week period in January 2012, with closing arguments on January 31, 2012. This Court issued its decision on August 28, 2012, denying preclearance to all three plans. With respect to the state senate and congressional plans, this Court unanimously found that those plans were the product of a legislature acting with racially discriminatory intent and thus failed to comply with Section 5 of the Voting Rights Act. The voluminous trial record in this Court includes evidence taken in open court, party exhibits, expert reports, and post-trial briefing. The record also incorporates evidence from the Section 2 trial before the three-judge court in the consolidated *Perez v. Perry* and *Davis v. Perry* cases in San Antonio. The Texas NAACP Intervenors played an active role throughout these proceedings opposing preclearance of the state senate, house and congressional plans. For example, the evidence presented, we believe, assisted the court in its finding of intentional discrimination in the state congressional map. The testimony of Eddie Bernice Johnson, Sheila Jackson Lee and Al Green were used by the Court in making the determination of intentional discrimination by the State of Texas in its adoption of C185. In sum, the Texas NAACP Intervenors were actively involved in discovery proceedings and the conduct of the trial.

**ARGUMENT**

The Texas NAACP Intervenors are prevailing parties entitled to attorneys' fees. As Congress has provided: "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 42 U.S.C. § 1973*l*(e). Moreover, the United States Supreme Court has found that the enforcement of federal civil rights laws depends upon "private litigation as a means of securing compliance with the law." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968). The availability of fee awards for prevailing parties is critical if private parties are to undertake litigation to vindicate the civil rights laws. *See id*. The purpose of providing for an award of such fees and expenses to prevailing parties is to encourage "'private litigants to act as 'private attorneys general' in seeking to vindicate the civil rights laws. . . . 'Congress depends heavily upon private citizens to enforce the fundamental rights involved. The awards are a necessary means of enabling private citizens to vindicate these Federal rights.'" *Donnell v. United States*, 682 F.2d 240, 245 (D.C. Cir. 1982) (quoting S. Rep. No. 94-295 at 40 (1975), 1975 U.S.C.C.A.N. at 774, 807). Although the party awarded fees is often the plaintiff, defendant-intervenors in Voting Rights Act declaratory judgment actions also may be awarded fees. *See Comm'rs Court of Medina Cnty.*, 683 F.2d at 439-40; *see also Donnell*, 682 F.2d at 246.

Intervenors were the prevailing party both with respect to the Court's order denying the declaratory judgment sought by the State and also with respect to the Court's later order dismissing the case as moot. The Texas NAACP Intervenors also prevailed because this case was necessary for the Texas NAACP Intervenors to obtain a court order in the San Antonio litigation imposing the interim map sought by the Texas NAACP Intervenors. Nothing about the Supreme Court's decision in *Shelby County* changes the prevailing party status of the Texas NAACP Intervenors. The NAACP Intervenors adopts the arguments made by the Davis and Gonzales Intervenors in their motions.

**Expert Fees**

The fee shifting provision authorizing an award of attorneys' fees in this case specifically authorizes the award of fees for expert costs. 42 U.S.C. § 1973*l*(e) ("In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs.").

Here, the Texas NAACP Intervenors hired only one expert witness (Dr. Richard Murray), who testified and prepared a report, which was received into evidence at trial. Dr. Murray's report at trial addressed specifically the issue of racially discriminatory purpose and effect of the state's enacted 2011 congressional and state house plans. That report and testimony was important in establishing that the State's congressional and house plans should not receive preclearance. Texas cannot be heard to argue that an expert witness was not needed; after all, Texas also employed an expert witness (Dr. John Alford) who prepared a report in this case and testified at trial.

The Texas NAACP Intervenors seek reimbursement in the amount of $8,186.55 for expert fees. Adding the attorneys' fees, costs, and expert fees, the Texas NAACP Intervenors request a total compensation of $32,374.05 at this time. Other counsel may submit separate requests. The fees and expenses are substantiated by the Declarations of counsel and other documentary exhibits attached to this motion.

**CONCLUSION**

The Texas NAACP Intervenors are the prevailing parties in this litigation and as such are entitled to their attorneys' fees and costs. The attorneys' fees sought here are reasonable and not excessive. They are consistent with those rates normally charged by the Texas NAACP Intervenors' attorneys to their fee-paying clients for the type of work in question, and they are within the prevailing market rate charged by attorneys of comparable experience and expertise. Likewise, the expenses and costs sought here are due to be

recovered as they were necessarily incurred during the course of the lawsuit as out-of-pocket expenses, and are of the same type as those ordinarily charged to clients by counsel.

Accordingly, for the reasons set forth above, this Court should award the Texas NAACP Intervenors the attorneys' fees, litigation expenses, and costs as requested.

Respectfully submitted,

_____/s/_____
Gary L. Bledsoe
Texas Bar No. 02476500
Potter Bledsoe, LLP
316 W. 12th St., Ste 307
Austin, TX 78701
(512) 322-9992
(512) 322-0840 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of December, 2013, I served a copy of the foregoing Texas NAACP Intervenors' Motion for Attorneys' Fes, Expenses and Costs on counsel who are registered to receive NEFs through the CM/ECF system. All attorneys who have not yet registered have been served via first-classmail, postage prepaid.

/s/ Gary L. Bledsoe
_____
Gary L. Bledsoe