IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF TEXAS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA; ERIC HOLDER in his official capacity as Attorney General of the United States,<br><br>*Defendants,*<br><br>and<br><br>WENDY DAVIS, et al.,<br><br>*Defendant-Intervenors.* | CIVIL ACTION NO.<br>1:11-cv-1303<br>(RMC-TBG-BAH) |

## ADVISORY

The State of Texas moved to dismiss its complaint because the coverage formula in Section 4(b) of the Voting Rights Act violates the Constitution and cannot be used to subject jurisdictions to preclearance. *Shelby County, Alabama v. Holder*, 133 S. Ct. 2612, 2631 (2013); Pls' Mot. to Dismiss (ECF No. 239) at 1. The United States did not oppose the State's motion, *see* United States' Resp. to Pls' Mot. to Dismiss (ECF No. 247), and the Court granted the motion and closed the case, Memorandum and Order (ECF No. 255). The subsequent motions for attorneys' fees filed by the Davis Intervenors, the Gonzales Intervenors, and the Texas NAACP Intervenors are frivolous and should be promptly denied.

The federal statute purporting to require preclearance was a nullity, and the entire exercise of subjecting Texas to "preclearance" was an unconstitutional imposition on the State. *See Shelby County*, 133 S. Ct. at 2631; *Norton v. Shelby County*, 118 U.S. 425, 442 (1886) ("[A]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."). These proceedings have already imposed significant unconstitutional burdens on the State. The intervenors unnecessarily aggravated those unconstitutional burdens by injecting themselves into the State's then-compulsory preclearance lawsuit against the United States. They should not be allowed to further aggravate those burdens by seeking payment from the State of Texas for their voluntary participation in a proceeding that never should have been held in the first place.

The State of Texas is the "prevailing party" in this case because Congress violated the Constitution when it subjected Texas to preclearance in 2006—Texas never should have been forced to pursue this litigation before implementing its legislatively enacted redistricting plans. The intervenors cannot be the "prevailing party" for their role in aggravating the unconstitutional burden of preclearance and delaying the State's reapportionment efforts following the 2010 Census.

The only basis upon which the intervenors could conceivably have claimed prevailing-party status—this Court's denial of preclearance—was vacated on appeal by the Supreme Court. *See* Judgment of the Supreme Court of the United States, *Texas v. United States*, No. 12-496 (ECF No. 253). It is well-established that "[w]hen [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether

such events predate or postdate our announcement of the rule." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 279 n.32 (1994) (noting that under the "firm rule of retroactivity," the Supreme Court's holdings apply to all pending cases).

The intervenors' attempt to recover attorneys' fees and costs from the State of Texas disregards the holding of *Shelby County* and the Supreme Court's disposition of the appeal in this case. *Shelby County* requires immediate denial of all motions for fees and costs, and the State does not intend to respond unless requested to do so by the Court.

Dated: December 20, 2013            Respectfully submitted.

                                    GREG ABBOTT
                                    Attorney General of Texas

                                    DANIEL T. HODGE
                                    First Assistant Attorney General

                                    JONATHAN F. MITCHELL
                                    Solicitor General

                                    J. REED CLAY, JR.
                                    Special Assistant and Senior Counsel
                                    to the Attorney General

                                    /s/ Matthew H. Frederick
                                    MATTHEW H. FREDERICK
                                    Assistant Solicitor General

                                    P.O. Box 12548, Capitol Station
                                    Austin, TX 78711-2548
                                    (512) 463-0150
                                    (512) 936-0545 (fax)

                                    *Attorneys for the State of Texas*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been sent via the Court's electronic notification system to the following parties on December 20, 2013:

Bryan L. Sells
Daniel J. Freeman
U.S. DEPARTMENT OF JUSTICE
Voting Section, Civil Rights Division
950 Pennsylvania Avenue, NW
NWB Room 7203
Washington, DC 20530
(202) 305-0792
Email: bryan.sells@usdoj.gov
Email: daniel.freeman@usdoj.gov

J. Gerald Hebert
191 Somerville Street, #405
Alexandria, VA 22304
(703) 628-4673 Fax: (202) 736-2222
Email: jghebert@comcast.net

Paul M. Smith
Michael B. DeSanctis
Jessica Ring Amunson
Caroline D. Lopez
JENNER & BLOCK LLP
1099 New York Ave., N.W.
Washington, D.C. 20001

John M. Devaney
Marc Erik Elias
PERKINS COIE
700 13th Street, NW Suite 600
Washington, DC 20005-3960
(202) 628-6600 Fax: (202) 654-9124
Email: jdevaney@perkinscoie.com
Email: melias@perkinscoie.com

Nina Perales
MEXICAN AMERICAN LEGAL
DEFENSE & EDUCATIONAL FUND,
INC.
110 Broadway Suite 300
San Antonio, TX 78205
(210) 224-5476 Fax: 210-224-5382
Email: nperales@maldef.org

Robert Stephen Notzon
1507 Nueces Street
Austin, TX 78701-1501
(512) 474-7563 Fax: (512) 474-9489
Email: robert@notzonlaw.com

Ray Velarde
1216 Montana Avenue
El Paso, TX 79902
(915) 532-6003
Email: velardelaw2005@yahoo.com

Chad W. Dunn
BRAZIL & DUNN
4201 FM 1960 West Suite 530
Houston, TX 77068
(281) 580-6310
Email: chad@brazilanddunn.com

Mark A. Posner
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS
1401 New York Avenue, NW Suite 400
Washington, DC 20005
(202) 307-1388
Email: mposner@lawyerscommittee.org

        /s/ Matthew H. Frederick
        MATTHEW H. FREDERICK
        *Attorney for the State of Texas*